UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Harold Cotton,

        Plaintiff,

vs.                                                  Case No. 3:09-cv-45-J-34MCR

Commissioner of Social Security,

        Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[1]

This cause is before the Court on Plaintiff's appeal of an administrative decision denying his application for Social Security benefits. The Court has reviewed the record, the briefs, and the applicable law. For the reasons set forth herein, the Commissioner's decision is **REVERSED** and the case is remanded for further proceedings.

## I. PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability, Disability Insurance Benefits, and Social Security Income on February 10, 2005 and February 24, 2005, alleging an inability to work since August 6, 2004. (Tr. 17). The Social Security Administration denied this application initially and on reconsideration. (Tr. 26, 29, 31). Plaintiff then requested and received a hearing before an Administrative Law Judge (the "ALJ") on October 23, 2007. (Tr. 267-89). On January 10, 2008, the ALJ issued a decision finding Plaintiff was not disabled. (Tr. 15-25). Plaintiff requested review of the decision

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 17).

-1-

(Tr. 10-11), which the Appeals Council denied (Tr. 5-7).  Plaintiff timely filed his Complaint in the U.S. District Court for review of the Commissioner's decision.  (Doc. 1).

## II.     NATURE OF DISABILITY CLAIM

### A.     Basis of Claimed Disability

Plaintiff claims to be disabled since August 6, 2004, due to HIV/AIDS, back pain, knee pain, hypertension, and depression.  (Tr. 27).

### B.     Summary of Evidence Before the ALJ

Plaintiff was 48 years old at the time of the ALJ's decision on January 10, 2008. (Tr. 28).  He has a limited education, completing through the ninth grade, and past relevant work experience as a dishwasher, lumber yard worker, warehouse worker, forklift operator, window cleaner, and general laborer.  (Tr. 23, 271, 284-85).  Plaintiff's medical history is discussed at length in the ALJ's decision and will be summarized herein.[2]

Plaintiff was first diagnosed with HIV in June 2004 and sought treatment from the Duval County Health Department.  (Tr. 217-24).  On June 20, 2005, Plaintiff underwent a psychological evaluation performed by Philip R. Yates, Ph.D.  Id. at 114-17.  Plaintiff spoke about deterioration and death from AIDS, and reported feelings of humiliation.  Id. Plaintiff described a loss of interest in activities he formally enjoyed and strong feelings of worthlessness, hopelessness, melancholia, and anergia.  Id. at 116.  Dr. Yates opined that Plaintiff's depression level and intensity was sufficient to prevent him from

---

[2]The Court will focus on the medical records pertaining to Plaintiff's mental health and the records from Dr. Yates, Ms. Rose, Ms. Touw, Dr. Simps, and Dr. Wise; as they are primarily at issue in the instant review.  See (Doc. 15).

-2-

having the capacity to interact with others; to be cognitively productive on a consistent basis; to make decisions in his own best interest; and to maintain enough ego strength to deal with simple responsibilities.  Id.  Dr. Yates diagnosed Plaintiff with severe depression and opined that his prognosis was poor.  Id.

Plaintiff continued to receive treatment from the Duval Health Department (Tr. 207-10).  Between September and October, 2005, Plaintiff's blood pressure was consistently elevated and his diagnosis was HIV/AIDS, headaches, depression, and a dental abscess.  Id. at 207-08.  He was referred to therapy for depression.  Id. at 108.

On August 26, 2005, Steven L. Wise, Psy.D. completed a Psychiatric Review Technique Form and Mental Residual Functional Capacity Assessment ("MRFCA") of Plaintiff.  (Tr. 151-68).  Dr. Wise opined Plaintiff suffered from mild limitations in activities of daily living and mild restrictions in social functioning.  Id. at 161.  He noted that Plaintiff had moderate difficulties in maintaining concentration, persistence, or pace, and had no episodes of decompensation.  Id.  In the MRFCA, Dr. Wise opined Plaintiff was moderately limited in the following abilities: to understand and remember detailed instructions; to carry out detailed instructions; to maintain attention and concentration for extended periods; to complete a normal workday and work week without interruptions from psychologically based symptoms; to perform at a consistent pace without an unreasonable number and length of rest periods; and to set realistic goals or make plans independently.  Id. at 165-66.  Additionally, Dr. Wise opined Plaintiff was not significantly limited in most areas of understanding and memory, concentration and persistence in adaptation, and social interaction.  Id.

Medical records from Nia Rose, a therapist for the Health Service Program, on October 5, 2005 indicate Plaintiff claimed he was so angry he could kill someone. (Tr. 180). Ms. Rose determined Plaintiff was in severe distress over his extreme emotions. Id. On January 30, 2006, Plaintiff received additional mental health counseling from Ms. Rose. Id. at 178-79. At that time, Ms. Rose noted Plaintiff's mood was depressed with tearful affect. Id. Plaintiff reported changes in his sleeping and eating patterns, crying spells, feelings of hopelessness and sadness, loss of interest, mood swings, anger, and an inability to concentrate for extended periods of time. Id. Ms. Rose advised Plaintiff to attend weekly counseling sessions. Id.

Plaintiff continued to receive treatment from the Duval Health Department between March 2006 and April 2007. (Tr. 195-200, 227-28, 235-41). During that time, Plaintiff was again diagnosed with HIV/AIDS, major depression, and hypertension. Id. On January 23, 2006, physician's assistant Michelle Touw completed a medical form on Plaintiff. Id. at 226. Ms. Touw assessed Plaintiff with a fair prognosis and opined he was not capable of returning to his past work or even lighter duties. Id. On February 6, 2007, Ms. Touw completed another medical form in which she diagnosed Plaintiff with major depression causing restrictions in maintaining social functioning. Id. at 227-28. Ms. Touw opined that Plaintiff would have difficulty completing and maintaining tasks in a timely manner due to deficiencies in concentration, persistence, and pace. Id.

On April 12, 2007, Dr. Michael Simps completed a medical form in which he diagnosed Plaintiff with major depression and uncontrolled hypertension. (Tr. 263-64). Dr. Simps assessed Plaintiff had moderate impairment in his cardiovascular system, a

history of major depression, and uncontrolled hypertension.  Id.  Additionally, Dr. Simps opined that Plaintiff was subject to restrictions in ambulation and maintaining social functioning.  Id.  However, Dr. Simps stated Plaintiff had a fair prognosis and rehabilitation potential.  Id. at 264.

Plaintiff continued receiving treatment from the Duval Health Department between July 2007 and October 2007.  (Tr. 238-39, 251-52).  He was again diagnosed with AIDS, hypertension, depression, and joint pain.  Id.  Plaintiff's antidepressant dose was increased and he a was referred back to mental health therapy.  Id.

### C.    **Summary of the ALJ's Decision**

A plaintiff is entitled to disability benefits when he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months.  42 U.S.C. §§ 416(I), 423(d)(1)(A); 20 C.F.R. § 404.1505.  The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, he is not disabled.  29 C.F.R. §§ 404.1520(b), 416.920(a)(2)(I).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(a)(2)(ii).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled.  20 C.F.R. §§ 404.1520(d), 416.920(a)(2)(iii).  Fourth, if a claimant's impairments do not prevent him

from doing past relevant work, he is not disabled.  20 C.F.R. §§ 404.1520(e), 416.920(a)(2)(iv).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled.  20 C.F.R. §§ 404.1520(f), 416.920(a)(2)(v).  Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In the instant case, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 6, 2004, the alleged onset date.  (Tr. 17).  At step two, the ALJ found Plaintiff had the following severe impairments: degenerative disk disease; disorders of the knee and hip; status-post hernia repair (times two); hypertension; HIV/AIDS; and affective disorders.  Id. at 17-20.  At step three, the ALJ determined Plaintiff did not have an impairment, or any combination thereof, which met or equaled any of the impairments listed in Appendix 1, Subpart P of Regulation No. 4. Id. at 20.   At step four, the ALJ determined Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations:

> [M]ust have a sit/stand option; must avoid ladders or unprotected heights; must avoid the operation of heavy, moving machinery; must avoid unusual stress; need simple tasks; can only occasionally bend, crouch, kneel, stoop, squat, or crawl; must be able to use a cane; and must avoid the operation of foot controls.

Id. at 21-23.  In making this determination, the ALJ found Plaintiff's assertions regarding the limitations caused by his condition not completely credible.  Id. at 22.

At the January 30, 2007 hearing, the ALJ utilized the testimony of a vocational expert (the "VE"). The ALJ posed hypothetical questions to the VE that included Plaintiff's symptoms and their resulting limitations. Based on the hypotheticals posed, the VE testifed Plaintiff's past relevant work exceeded the ability of his RFC. (Tr. 23). The ALJ then asked the VE whether a person with Plaintiff's RFC could perform any other jobs existing in significant numbers in the national economy. The VE replied that a person with Plaintiff's RFC could perform work as a labeler, merchandise price marker, photo mounter, and surveillance system monitor, which all exist in significant numbers in the national economy. Id. at 24. Therefore, the ALJ found Plaintiff was not under a "disability," as defined in the Social Security Act. Id.

### III. STANDARDS OF LAW

#### A. The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## IV. ANALYSIS

Plaintiff presents three issues on appeal: (1) whether the ALJ properly evaluated Plaintiff's mental impairments; (2) whether the ALJ provided adequate reasoning for discrediting Dr. Yates' consultative psychological opinion; and (3) whether the ALJ applied the correct legal standards while weighing the opinions of Plaintiff's "other medical sources." The Court will consider each of these issues.

### A. Whether the ALJ properly evaluated Plaintiff's mental impairments.

Plaintiff argues the ALJ failed to adequately evaluate his mental impairments and their resulting functional limitations in accordance with the procedure set forth in 20 C.F.R. §§ 404.1520a, 416.920a. (Doc. 15, pp. 10-14). In response, the Commissioner contends the ALJ met the requirements set forth in 20 C.F.R. §§ 404.1520a, 416.920a. (Doc. 19, pp. 5-6). However, even if the Court finds the requirements of 20 C.F.R. §§

404.1520a, 416.920a have not been satisfied, a remand simply to have the ALJ use particular words or phrases would serve no practical purpose. Id. at 6.

20 C.F.R. §§ 404.1520a, 416.920a provides a special technique for the evaluation of mental impairments. According to the regulation, the ALJ must first evaluate whether the claimant has a medically determinable mental impairment. If a medically determinable mental impairment is found, the ALJ then must "rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c)" of the regulation. 20 C.F.R. §§ 404.1520a(c)(2), 416.920a(c)(2). Paragraph (c) identifies "four broad functional areas" to be considered, including: "[a]ctivities of daily living, social functioning, concentration, persistence or pace, and episodes of decompensation." 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). For the first three functional areas, an impairment may be rated as: none, mild, moderate, marked, and extreme. For the fourth functional area, episodes of decompensation, a four point scale is utilized: none, one or two, three, four or more. 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). Impairments rated as none or mild in the first three categories and "none" in the fourth category are generally considered not to be severe. 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).

Additionally, 20 C.F.R. §§ 404.1520a(e)(2), 416.920a(e)(2) requires the ALJ to document application of the special technique provided in the regulations in his decision.[3] "Where a claimant has presented a colorable claim of mental impairment, the

---

[3]20 C.F.R. §§ 404.1520a(e)(2), 416.920a(e)(2) provide, in relevant part: "At the . . . administrative law judge . . . level[] in claims adjudicated under the procedures in part 405 of this
(continued...)

social security regulations require the ALJ to complete a Psychiatric Review Technique Form[4] and append it to the decision, or incorporate its mode of analysis into his findings and conclusions. Failure to do so requires remand." Moore v. Barnhart, 405 F.3d 1208, 1214 (11th Cir. 2005) (citations omitted).

In the instant case, in an effort to comply with the requirements set forth in 20 C.F.R. §§ 404.1520a, 416.920a, the ALJ references the findings and conclusions of medical professionals in the record. For example, the ALJ states:

> Doctors determined that the claimant has no more than moderate restrictions in a few categories and in the rest he is not significantly limited. He has no marked limitations at all.

(Tr. 20). According to the Commissioner, when viewed in the proper context, this language reveals that the ALJ adopted the ratings of Dr. Wise, the state agency psychological consultant who expressed this opinion. (Doc. 19, pp. 5-6). The Commissioner further contends that because the ALJ discussed the PRTF findings of Dr. Wise in detail while determining Plaintiff's severe impairments he, therefore, mirrored those findings. Id. at 6.

While the ALJ does in fact restate the findings and conclusions of Dr. Wise (Tr. 18-19); nothing in the ALJ's decision indicates he adopted those findings as his own.

---

[3](...continued)
chapter, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section."

[4]The Psychiatric Review Technique Form or PRTF, is a form which incorporates the requirements set forth in 20 C.F.R. §§ 404.1520a(e)(2), 416.920a(e)(2).

Under both the plain language of the regulation and Moore, the ALJ must either complete the PRTF or explicitly analyze the four factors provided by 20 C.F.R. §§ 404.1520a, 416.920a within his written decision. The ALJ's mere reference to PRTFs completed earlier in the administrative proceedings is insufficient. See Harrison v. Astrue, 2009 WL 2044688, 2009 U.S. Dist. LEXIS 67319 (M.D. Fla. 2009) (remanding for failure to properly evaluate Plaintiff's mental impairments when the ALJ merely restated the findings assessed by a psychologist but did not specifically adopt those findings as his own); Volley v. Astrue, 2008 WL 822192, 2008 U.S. Dist. LEXIS 23792, at *19 (N.D. Ga. 2008) (holding an ALJ's "obscure reference" to PRTFs completed earlier in the administrative proceedings is "plainly insufficient"). Accordingly, the Court finds the ALJ did not satisfy the requirements for the evaluation of mental impairments set forth in 20 C.F.R. §§ 404.1520a, 416.920a.

The ALJ's failure to follow the requirements set forth in 20 C.F.R. §§ 404.1520a, 416.920a is an omission which may be material to the outcome of the case. It is Plaintiff's alleged mental impairments and the degree of functional limitations arising from those impairments which are incorporated in the hypothetical questions posed to the VE which, in turn, are used to determine Plaintiff's ability to perform his past relevant work and/or other work in the national economy. Here, although the ALJ qualified Plaintiff's mental impairments as severe, the ALJ placed essentially no functional limitations upon Plaintiff as a result of those impairments.[5]

---

[5]The Court is not making a determination as to whether Plaintiff suffers from functional limitations as a result of his mental impairments. Rather, the Court is addressing the ALJ's lack of
(continued...)

Accordingly, the ALJ's decision to deny Plaintiff's application for benefits should be reversed and the case remanded so the ALJ may properly evaluate Plaintiff's mental health impairments in accordance with the requirements set forth in 20 C.F.R. §§ 404.1520a, 416.920a. Then, the ALJ must determine Plaintiff's RFC in accordance with that evaluation, make explicit findings regarding the actual physical and mental demands of his past relevant work and other work in the national economy, and compare demands of such work with Plaintiff's RFC.

### B. Whether the ALJ provided adequate reasoning for discrediting Dr. Yates' consultative psychological opinion.

Plaintiff contends the ALJ erred because he failed to specify the weight given to the opinion of consultative psychologist Dr. Yates.[6] (Doc. 15, pp. 14-17; Tr. 114-17). Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential process for determining disability. Bruner v. Comm'r of Soc. Sec., 2009 U.S. Dist. LEXIS 87131, 2009 WL 3052291 (M.D. Fla. 2009). The ALJ may, however, reject any medical opinion if the evidence supports a contrary finding. Sryock v. Heckler, 764 F.2d 834, 835 (11th

---

[5](...continued)
independent analysis regarding the same.

[6]Dr. Yates' opinion sets forth the basis for his conclusion that Plaintiff was severely depressed and was markedly limited in social functioning. (Tr. 114-17). Dr. Yates noted that Plaintiff was markedly disturbed by an inability to sleep, had a loss of interest in activities, and was plagued with feelings of worthlessness, hopelessness, melancholia, and anergia. Id. Dr. Yates opined Plaintiff's depression level and intensity was sufficient to prevent him from having the capacity to interact with others, to be cognitively productive on a consistent basis, to make decisions in his own best interest, and to maintain enough ego strength so that he could deal with simple responsibilities. Id. Dr. Yates diagnosed Plaintiff with severe depression and noted his prognosis was poor. Id.

-12-

Cir. 1986). Nonetheless, the ALJ must state with particularity the weight given different medical opinions and the reasons therefore, and the failure to do so is reversible error. Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987). Without the ALJ stating the specific weight given to different medical opinions and the reasons therefore, it is impossible for a reviewing court to determine whether the ultimate decision is supported by substantial evidence. See e.g. Hudson v. Heckler, 755 F.2d 781, 786 (11th Cir. 1985).

With regard to the weight accorded Dr. Yates' opinion, the ALJ stated:

> The claimant underwent the examination with Dr. Yates to form the basis of the opinion in question not in an attempt to seek treatment, but rather, through attorney referral and in connection with an effort to generate evidence for the current appeal. Further, the doctor was presumably paid for the record. Although such evidence is certainly legitimate and deserves due consideration, the context in which it was produced cannot be entirely ignored.

(Tr. 23). Although the ALJ states Dr. Yates opinion is "legitimate" and "deserves due consideration," his RFC assessment contains no similarities to Dr. Yates' opinion.[7] Additionally, it appears the ALJ is discrediting Dr. Yates' opinion solely because it was obtained through attorney referral and he was paid for the service. However, by their very nature, consultative examinations call for referrals which, in turn, call for payment. Therefore, these obvious facts should not be used as a factor in discrediting them. See

---

[7]The ALJ determined Plaintiff retained the RFC to perform light work with the following limitations: must have a sit/stand option; must avoid ladders or unprotected heights; must avoid the operation of heavy, moving machinery; must avoid unusual stress; need simple tasks; can only occasionally bend, crouch, kneel, stoop, squat, or crawl; must be able to use a cane; and must avoid the operation of foot controls. (Tr. 21-23).

-13-

Miles v. Chater, 84 F.3d 1397, 1401 (11th Cir. 1996) (finding the fact that a medical consultant is retained by the plaintiff's attorney is not enough to support assumptions of bias on the party of the consultant). The Court finds the ALJ's stated reasoning for discrediting Dr. Yates' opinion is not supported by substantial evidence.

Although the Commissioner offers several other reasons that could justify discounting Dr. Yates' opinion (Doc. 19, pp. 8-10), the fact remains that these were not the reasons cited by the ALJ. Such *post hoc* speculation is not sufficient.[8] See D'Anna v. Comm'r of Soc. Sec., 2009 U.S. Dist. LEXIS 121243, 2009 WL 5214998 (M.D. Fla. 2009). Accordingly, the Court finds that remand for additional consideration is required.[9]

### C. Whether the ALJ applied the correct legal standards in weighing the opinion of Plaintiff's "other medical sources."

Plaintiff argues the ALJ "failed to comply with the applicable regulations and rulings governing the analysis of medical opinions rendered by 'other medical sources' when he discredited their opinions solely because they are not 'acceptable medical sources especially since [Plaintiff] is indigent due to his disability and he does not have

---

[8] The Commissioner further contends that because the ALJ gave "some weight" to the opinion of Dr. Wise, who considered Dr. Yates' report in his own findings, "it may be fairly said that the ALJ properly weighed Dr. Yates' report on at least that basis". (Doc. 19, p. 8). However, the Court can not find, and the Commissioner has not offered, any legal authority which supports the contention that a physician's review may be used in place of the ALJ's. Therefore, the Court finds this argument without merit.

[9] In finding that the ALJ must reconsider the opinion of Dr. Yates, the Court does not find that his opinion is entitled to great weight or is otherwise more persuasive than the other evidence of record. It is for the ALJ to weigh the evidence. The Court holds only that the reasons given for failing to credit the opinion were not supported by substantial evidence and thus additional review is necessary.

the luxury of insisting on treatment by licensed psychologists and medical doctors at public health clinics.'" (Doc. 15, pp. 17-21). Specifically, Plaintiff contends the ALJ failed to adequately consider the opinions of Nia Rose, a therapist, and Michelle Touw, a physician's assistant. Id. The Commissioner responds that the record supports the ALJ's decision to discount these medical sources. (Doc. 19, pp. 10-12).

As an initial matter, although the Court is sympathetic of the financial plight of Plaintiff, it will not be a factor in its consideration of whether the ALJ's decision is supported by substantial evidence. Next, the Court finds that Nia Rose, a therapist, and Michelle Touw, a physician's assistant, are not "acceptable medical source[s]" for Social Security disability determinations. See 20 C.F.R. §§ 404.1513(a), 416.913.[10] Instead, these professionals constitute "other source(s)." This distinction is significant because only acceptable medical sources can establish the existence of a medically determinable impairment, can give medical opinions,[11] and can be considered treating sources, whose opinions may be entitled to controlling weight. SSR 06-3p. While "other sources" can provide insight into the severity of a claimant's impairments and how the impairments affect his ability to function, the Commissioner is not required to

---

[10]A therapist is not considered an "acceptable medical source." Harrington v. Astrue, 2009 U.S. Dist. LEXIS 97626 (M.D. Fla. 2009); see also 20 C.F.R. §§ 404.1513(d), 416.913(d) (excluding therapists from the list of "acceptable medical sources"). A physician's assistant is not considered an "acceptable medical source." Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1160 (11th Cir. 2004); see also 20 C.F.R. §§ 404.1513(d), 416.913(d) (excluding physician's assistants from the list of "acceptable medical sources").

[11]"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).

accept a conclusion from a non-acceptable medical source and may accord such weight as he deems appropriate based upon the medical evidence of record. See id.

Here, with regard to the opinions of Ms. Rose and Ms. Touw, the ALJ stated:

> Very limited weight is given to the opinions of Ms. Rose and Ms. Touw. ... There are no records to indicate Ms. Rose or Ms. Touw are acceptable medical sources to determine whether claimant has a condition equivalent in severity to a listing and there are no other records in the file that show these woman are medical experts or that they were designated by the Commissioner.

(Tr. 23). As discussed above, Mr. Rose and Ms. Touw are not acceptable medical sources. Therefore, according to SSR 06-3p, the ALJ may accord such weight as he deems appropriate *based upon the medical evidence of record*. See SSR 06-3p (emphasis added). SSR 06-3p further provides that:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as nurse practitioners, physician assistants, and licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.

Id.

Although the ALJ acknowledged the records of Ms. Rose and Ms. Touw in his opinion (Tr. 19, 20, 23); the Court finds his reasoning for discrediting them is not supported by substantial evidence as it was not based on the medical evidence of record. See SSR 06-3p. Rather, it appears the ALJ has chosen to accord "very limited

-16-

weight" to the opinions of Ms. Rose and Ms. Touw based solely on the fact that they were not appointed by the Commissioner and are not acceptable medical sources. See (Tr. 23). The Court is perplexed by this rationale as the ALJ chose to discredit the opinion of Dr. Yates because he *was* designated by Plaintiff's counsel and then opted to discredit the opinions of Ms. Rose and Ms. Touw because they *were not* designated by the Commissioner.

Although the Commissioner again speculates as to potential reasons that could justify discrediting these opinions (Doc. 19, p. 12), the fact still remains that these were not the reasons cited by the ALJ. As stated above, such *post hoc* speculation is not sufficient.[12] D'Anna, 2009 U.S. Dist. LEXIS 121243, 2009 WL 5214998. Accordingly, the Court finds that remand for additional consideration is required.[13]

Additionally, Plaintiff mentions the ALJ did not properly acknowledge the opinion of "treating source" Dr. Simps, who completed a medical form on April 12, 2007 indicating Plaintiff had moderate impairment in his cardiovascular system, major depression, uncontrolled hypertension, and restrictions in ambulation and social functioning. (Doc. 15, p. 19; Tr. 263-64). As a threshold matter, there is no

---

[12]The Commissioner is correct that even if this Court disagrees with the ALJ's resolution of the factual issues and would resolve those disputed issues differently, his decision must be affirmed where it is supported by substantial evidence in the record as a whole. See (Doc. 19, p. 12); see also Dyer v. Barnhart, 395 F.3d 1206, 1212 (11th Cir. 2005). However, at this time, the Court is not convinced the ALJ's determination to discredit Dr. Yates, Ms. Rose, and Ms. Touw is supported by substantial evidence in the record as a whole.

[13]Again, in finding that the ALJ must reconsider the opinion of Ms. Rose and Ms. Touw, the Court does not find that their opinions are entitled to any particular weight. It is for the ALJ to weigh the evidence. The Court holds only that the reason given for failing to credit the opinions was not supported by substantial evidence and thus additional review is necessary.

-17-

indication that Dr. Simps is a treating source.  See 20 C.F.R. §§ 416.902, 416.927; Crawford, 363 F.3d at 1160.  Additionally, Dr. Simps gave Plaintiff a fair prognosis and assessed fair rehabilitation potential.  (Tr. 264).  However, because the Court is remanding the case for the ALJ to reevaluate Plaintiff's mental impairments, it will direct the ALJ to consider Dr. Simps' records and opinions regarding the same.

## V.     CONCLUSION

For the reasons stated herein, the Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **REVERSING** the Commissioner's decision and **REMANDING** the matter to the ALJ with instructions to: (1) re-evaluate Plaintiff's mental health impairments in accordance with 20 C.F.R. §§ 404.1520a, 416.920a, determine Plaintiff's RFC based on that evaluation, make explicit findings regarding the actual physical and mental demands of his past relevant work and work in the national economy, and compare the actual demands of such work with Plaintiff's RFC; (2) reconsider the opinion of Dr. Yates and accord it proper weight; (3) reconsider the opinions of Mr. Rose and Ms. Touw and accord them proper weight; (4) reconsider the opinion of Dr. Simps regarding Plaintiff's mental impairments; and (5) conduct any other proceedings deemed appropriate.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

Should this remand result in the award of benefits, Plaintiff's attorney is hereby granted, pursuant to Rule 54(d)(2)(B), an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until thirty (30) days after the receipt of a notice of award of benefits from the Social Security Administration.

**However, this order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  3rd  day of March, 2010.

                                                      *Monte C. Richardson*
                                                    MONTE C. RICHARDSON
                                      UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record